1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                       **FOR THE DISTRICT OF ARIZONA**
8
9   **FORREST JUAN CRADDOCK,**            )
                                          )
            **Plaintiff,**                )
10                                        )
            **v.**                        )    **CIV 07-00406 PHX ROS (MEA)**
11                                        )
    **SHERIFF CHRIS VASQUEZ,**            )    **REPORT AND RECOMMENDATION**
12  **et al.,**                           )
                                          )
13          **Defendants.**               )
    _____      )
14
15  **TO THE HONORABLE ROSLYN O. SILVER:**
16          This matter is before the Magistrate Judge on
17  referral from the District Judge, and the determination of the
18  Magistrate Judge is dispositive of some of Plaintiff's claims.
19  Accordingly, the following proposed findings of fact, report,
20  and recommendation are made pursuant to Rule 72(b), Federal
21  Rules of Civil Procedure, and 28 U.S.C. § 636(b)(1)(B) and
22  (C).
23          Before the Court are Plaintiff's motions at Docket
24  No. 31 and 32, to dismiss his case and to amend his complaint,
25  respectively, and Plaintiff's motions at Docket Nos. 40 to 52,
26  each seeking to amend his complaint.
27
28

**I Procedural background**

Plaintiff, who is now incarcerated by the Arizona Department of Corrections, filed a civil rights complaint on February 22, 2007, alleging Defendants violated his federal constitutional rights while Plaintiff was incarcerated at the Pinal County Jail. Plaintiff filed an amended complaint on April 13, 2007. See Docket No. 5. Plaintiff filed a second amended complaint on July 13, 2007. See Docket No. 15.

The second amended complaint alleges that, on February 21 through February 27, 2007, Dr. Lizarraga and other medical staff at the Pinal County Jail failed to follow the medical orders of a Dr. Trudeau regarding the post-surgical treatment of Plaintiff's hand, and that the named Defendants did not provide Plaintiff with medication for his pain as prescribed. See Docket No. 15. Plaintiff further alleged the Pinal Count Jail medical staff were negligent regarding his medical care beginning on November 24, 2006, through March of 2007.

On August 13, 2007, the Court ordered Defendant Lizarraga to answer Plaintiff's claim that he violated Plaintiff's Eighth Amendment rights by failing to provide him with adequate medical care during Plaintiff's incarceration at the Pinal County Jail. See Docket No. 16. Specifically, the Court ordered Defendant Lizarraga to answer the claim he was deliberately indifferent to Plaintiff's serious medical needs by delaying a second surgery on Plaintiff's hand. See Docket No. 16. At that time the Court dismissed the other defendants named in the second amended complaint and dismissed

Plaintiff's claims of negligence by state officials and a claim of supervisory liability.[1]

The screening order states:

> Plaintiff repeatedly alleges that Defendants were negligent with respect to caring for his injured right hand following a surgery performed by Dr. Trudeau at the Maricopa County Medical Center. Specifically, he alleges the Defendants were negligent in treating his injured hand, scheduling the initial surgery for the hand, changing dressings on his hand and in providing prescribed pain medications. Plaintiff alleges as a result that he developed an infection of the injured hand and was rushed to Maricopa County Medical Center on March 17, 2007. (Id. at 6-I.) He indicates that a second surgery on his hand is required to restore function to his injured fingers, but that Dr. Lizarraga has deliberately delayed that surgery so that Pinal County will not have to bear the expense. (Id. at 6-I, 6-J.) *Despite Plaintiff's numerous other allegations, he expressly states that the only claim that he wishes to pursue is Dr. Lizarraga's deliberate delay in providing the second surgery for his hand.* (Id. at 6-J-6-K.)

Docket No. 16 at 2 (emphasis added).

Defendant Lizarraga was served and filed an answer to the second amended complaint on October 9, 2007. See Docket No. 18. A scheduling order was issued October 11, 2007, requiring Plaintiff to file any motion to amend his complaint by November 30, 2007. See Docket No. 20.

On November 15, 2007, Plaintiff filed a motion to dismiss his second amended complaint, asking the Court's

---

[1] The order states: "Count I (in part) and Defendants Vasquez, Brown, Celis, Jackson and Pinal County nurses Nancy, Edna, Lisa and Bob are dismissed without prejudice."

permission to do this so that he could file an amended complaint again naming Defendant Lizarraga and naming other defendants previously dismissed from this matter. See Docket No. 31. That same day Plaintiff also filed a motion to amend his complaint. See Docket No. 32. Plaintiff has also filed a motion for summary judgment against all defendants named in his lodged proposed third amended complaint. See Docket No. 37. Plaintiff also filed, from November 28 through December 4, 2007, *inter alia*, twelve separate motions to amend his complaint. See Docket Nos. 40-52. Defendant Lizarraga filed a response to these motions on December 21, 2007. Defendant Lizarraga does not oppose any of the motions to amend. See Docket No. 53.[2]

The only motion to amend Plaintiff's complaint which is timely filed is the one filed November 15, 2007, at Docket No. 32.

**II Analysis**

**A.  Applicable law regarding motions to amend**

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires. See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). "Thus

---

[2]

Defendant Lizarraga, through counsel undersigned, respectfully takes no position on the Motions to Amend filed by Plaintiff. Undersigned counsel does not believe it likely that he will represent any of the new potential defendants, and so takes no position on the requested amendments.

Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. This policy is applied even more liberally to *pro se* litigants." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations and quotations omitted).

When screening pro se prisoner complaints the Court is obliged to liberally construe the complaint:

> The handwritten pro se document is to be liberally construed.... [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972)). Leave to amend a complaint should be granted if it appears at all possible that the plaintiff can correct a defect in his complaint. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

However, in exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment. See Schlachter-Jones v. General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991). "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 443 (internal quotations omitted).   The Court would eventually have to dismiss a claim added to a complaint if the plaintiff raised a claim that was legally frivolous or malicious, that failed to state a claim upon which relief may be granted, or that sought monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(c)(1) (2003 & Supp. 2007).

### B. Applicable law regarding Eighth Amendment

To prevail in a section 1983 medical treatment claim a plaintiff must establish that the defendant acted with "deliberate indifference to his serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976).   A serious medical need exists only if the defendant's failure to treat the plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain on the plaintiff.   Id., 429 U.S. at 104.   "A defendant must purposefully ignore or fail to respond to a [plaintiff's] pain, medical need or condition acting with knowledge or reckless disregard resulting in significant harm" to violate the plaintiff's Eight Amendment rights.   Farmer v. Brenna, 511 U.S. 825, 831-32 (1994).

"[D]eliberate indifference describes a state of mind more blame worthy than negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."   Id,, 511 U.S. at 835.   Deliberate indifference is demonstrated

where prison officials deny, delay, or interfere with medical treatment, if the indifference is substantial and the conduct rises to the level of unnecessary and wanton infliction of pain. Estelle, 429 U.S. at 105-06; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). A delay in medical care that does not result in "substantial harm" is insufficient, as a matter of law, to prevail on a section 1983 claim. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Additionally, state prison officials have "wide discretion regarding the nature and extent of medical treatment." Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a section 1983 claim." Franklin v. State of Or. Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Additionally, a supervisor is only liable for his subordinates' violation of an inmate's constitutional rights if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See Taylor, 880 F.2d at 1045.

### C. Analysis of Plaintiff's proposed amendments

The proposed third amended complaint seeks to add as defendants in this matter, in addition to Defendant Lizarraga, Commander Brown, the Pinal County Jail Commander, Grievance Officer Celis, Elke Jackson, a nurse at the jail, and other nurses at the jail named "Nancy," "Bob," "Lisa" and "Edna". See Docket No. 33. Count I of the lodged complaint asserts a claim pursuant to the Eighth Amendment, based on "negligence"

-7-

and deliberate indifference.  Id.  Plaintiff alleges Mr. Brown refused to transport him to a hospital for surgery, that Defendant Lizarraga failed to promptly schedule Plaintiff for surgery, and that Defendant Lizarraga was negligent in his oversight of jail medical staff.  Id. at 3.  Count II of the lodged complaint asserts a violation of the Eighth Amendment against Commander Brown for  being aware of Plaintiff's grievances regarding his medical treatment and failing to remedy "negligence."  Id. at 4.

Count III of the lodged complaint asserts Ms. Jackson failed to properly clean Plaintiff's hand and failed to administer prescribed pain medication.  Id. at 5.  Count IV alleges the same basis for liability against Nurse "Nancy" as those alleged against Ms. Jackson.  Id. at 6.  Count V of the amended complaint alleges the same basis for liability as alleged against Ms. Jackson against "Nurse Bob."  Id. at 7.  Count VI of the amended complaint alleges the same basis for liability as alleged against Ms. Jackson against "Nurse Edna." Id. at 8.

Count VII of the proposed amended complaint alleges that Grievance Officer Celis was aware Plaintiff was not receiving adequate medical treatment and that Mr. Celis "mishandled" Plaintiff's grievances regarding his medical treatment.  Id. at 9.  Count VIII of the amended complaint alleges the same basis for liability as alleged against Ms. Jackson against "Nurse Lisa."  Plaintiff seeks injunctive relief in the lodged complaint, i.e., that the Court order the named defendants to perform surgery on his hand, and also

seeks monetary damages in the amount of $250,000 from each of the named defendants.

Each of Plaintiff's "motions" to amend his complaint signed November 21, 2007, and filed November 28, 2007, reasserts his claims against a single defendant named in the proposed amended complaint at Docket No. 33, and cites to case law Plaintiff believes supports his claims. See Docket No. 40 (alleging a deliberate indifference claim against Mr. Brown and implying a due process claim); Docket No. 41 (alleging a deliberate indifference claim against Mr. Celis and implying a due process claim); Docket No. 42 (restating Plaintiff's claims against Defendant Lizarraga); Docket No. 43 (alleging a deliberate indifference claim against "Nurse Edna" and implying a due process claim); Docket No. 45 (same for Pinal County Sheriff Chris Vasquez). In each of these motions Plaintiff also asks the Court to designate his case a "test case," challenging the policy of the Pinal County Jail regarding the provision of medical care to inmates.

Plaintiff's motion to amend signed November 23, 2007, and filed December 3, 2007, does not indicate how Plaintiff wishes to amend his complaint. See Docket No. 47. Plaintiff's ninth motion to amend his complaint, signed November 23, 2007, and filed December 3, 2007, alleges a deliberate indifference claim against Elke Johnson and implies a due process claim. See Docket No. 48. Plaintiff's motions to amend his complaint at Docket Nos. 49 through 50, respectively, do not indicate how Plaintiff wishes to amend his complaint. Plaintiff's motion to amend at docket No. 51

attempts to reassert claims against "Nurse Nancy" and ask the Court to make his case a "test case", and Plaintiff's motion to amend at Docket No. 52 is a duplicate of Docket No. 51.

The initial motion for leave to amend was timely filed and is not opposed by Defendant Lizarraga. Plaintiff does not seek to add new factual allegations or a new basis for a claim for relief. <u>Cf.</u> <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding the denial of leave to amend because the plaintiff had delayed filing the amended complaint for eight months beyond the time they should have known of the existence of the claims and noting that "[p]rejudice to the opposing party is the most important factor" in determining whether to grant leave to amend); <u>Duggins v. Steak 'N Shake, Inc.</u>, 195 F.3d 828, 834 (6th Cir. 1999) (upholding denial of leave to amend where the District Court cited the plaintiff's undue delay in missing the deadline to amend the complaint and undue prejudice to the defendant where the plaintiff sought amendment after the close of discovery); <u>Smith v. Angelone</u>, 111 F.3d 1126, 1134 (4th Cir. 1997) (stating that "a motion to amend may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant").

The undersigned believes the Screening Order's conclusion that Plaintiff wished to drop all claims in his Second Amended Complaint except that against Defendant Lizarraga is a mis-reading of Plaintiff's Second Amended Complaint, when the complaint is broadly construed, wherein Plaintiff states he wishes to drop claims related to his being

assigned a lower bunk and his allegation that he received inadequate medical care for a "naval" hernia. See Docket No. 15 at 6J-6K.

Accordingly, because Plaintiff's Third Amended Complaint, lodged November 15, 2007, at Docket No. 33 was timely filed and does, albeit unartfully, allege that Defendant Lizarraga, and Ms. Johnson, "Nurse Edna", "Nurse Nancy," "Nurse Bob," and "Nurse Lisa," were deliberately indifferent to Plaintiff's serious medical needs, the Court concludes the amendment should be allowed.

The undersigned also concludes, however, that the lodged complaint does not adequately allege that Mr. Celis violated Plaintiff's constitutional rights. Mr. Celis was not himself involved in the provision of medical care, and Plaintiff has not stated a claim for violation of his constitutional rights by alleging Mr. Celis was negligent in the process or resolution of Plaintiff's grievances. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure."), cert. denied sub nom., 124 S. Ct. 2388 (2004); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

The undersigned further concludes Plaintiff has not sufficiently alleged a basis for supervisory liability on behalf of Sheriff Vasquez because Plaintiff has not alleged how Sheriff Vasquez was responsible for decisions regarding the provision of medical care to Plaintiff. A defendant is not liable to a plaintiff for violation of the plaintiff's

constitutional rights unless the defendant was personally involved in the alleged constitutional violation.  See Rizzo v. Goode, 423 U.S. 362, 371-72 (1976); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  The plaintiff must also establish that a defendant's conduct, allegedly violating the plaintiff's rights, was within their discretion and authority to control.  See Taylor, 880 F.2d at 1045; Pinto v. Nettleship, 737 F.2d 130, 133 (1st Cir. 1984); Williams v. Bennett, 689 F.2d 1370, 1388 (11th Cir. 1982).  Section 1983 liability cannot be predicated on the theory of respondeat superior.  See, e.g., Taylor, 880 F.2d at 1045.

To the extent Plaintiff's motion to amend seeks to add any claim of negligence against the Defendants acting in their official capacities or within the scope of their legal duty, the motion should be denied as futile.  See, e.g., Demery v. Kupperman, 735 F.2d 1139, 1146 (9th Cir. 1984); Linville v. State of Hawaii, 874 F. Supp. 1095, 1104 (D. Haw. 1994).  See also Ariz. Rev. Stat. Ann. § 31-201.01 (2002 & Supp. 2006).  Additionally, Plaintiff's claims against the Defendants who allegedly mis-treated his hand are properly Eighth Amendment deliberate indifference claims, and do not state claims for violation of Plaintiff's right to due process of law.

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion to amend his complaint at Docket No. 32 **be granted in part and denied in part**.

-12-

The undersigned recommends the motion be **denied** insofar as it seeks to add Sheriff Vasquez and Mr. Celis as defendants and that the motion be **denied** insofar as it attempts to add claims premised on negligence.

The undersigned further recommends that the motion be **granted** to the extent that Plaintiff seeks to assert an Eighth Amendment deliberate indifference claim regarding his medical treatment by Dr. Lizarraga, Elke Johnson, "Nurse Bob," "Nurse Lisa," "Nurse Nancy," and "Nurse Edna." The undersigned recommends that the Court order the Pinal County Sheriff's Office to provide the last names of the nurses who worked at the jail on February 21 through February 27, 2007, to the extent any of these nurses could be shown to be "Nurse Bob," "Nurse Lisa," "Nurse Nancy," and "Nurse Edna." After the last names of these potential defendants are known, the undersigned recommends the Court order service on these individuals and that they be required to answer Plaintiff's assertion that they were deliberately indifferent to his serious medical needs in February and March of 2007.

The undersigned further concludes that Plaintiff's motion to amend his complaint to make his case a "test case" should be **denied**. The allegations made by Plaintiff are with regard to his incarceration and his specific injury and, accordingly, Plaintiff has not stated any legitimate reason why his situation would warrant a class action suit.

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion at Docket No. 31 be **denied** as moot.

-13-

**IT IS FURTHER RECOMMENDED that** Plaintiff's motions at Docket No. 40, Docket No. 41, Docket No. 42, Docket No. 43, Docket No. 44, Docket No. 45, Docket No. 47, Docket No. 48, Docket No. 49, Docket No. 50, Docket No. 51, and Docket No. 52, be **denied.**

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion for summary judgment at Docket No. 37 be **denied without prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have ten (10) days within which to file a response to the objections.   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.   See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 16th day of January, 2008.

_____
Mark E. Aspey
United States Magistrate Judge