SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Forrest Juan Craddock, ) | No. CV 07-0406-PHX-ROS (MEA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Sheriff Chris Vasquez, et al. ) | |
| ) | |
| Defendants, ) | |
| ) | |

Plaintiff Forrest Juan Craddock filed this *pro se* civil rights action alleging deliberate indifference to a serious medical need (Doc. #1). The Court dismissed the Complaint and the First Amended Complaint (Doc. ##3, 14). Plaintiff filed a Second Amended Complaint; the Court ordered service on Defendant Lizarraga and dismissed the remaining Defendants (Doc. ##15, 16). Plaintiff then filed motions to dismiss his case and amend his complaint (Doc. ##31, 32). He also filed a series of additional motions to amend his complaint (Doc. ##40-45 and ##47-52) and a motion for summary judgment (Doc. #37).

Magistrate Judge Aspey's Report and Recommendation addressing Plaintiff's motions is now before the Court (Doc. #56). The Report and Recommendation recommends granting in part the motion to amend (Doc. #32) insofar as the proposed Third Amended Complaint (Doc. #33) asserts an Eighth Amendment deliberate-indifference claim against Dr. Lizarraga, Elke Johnson, "Nurse Bob," "Nurse Lisa," "Nurse Nancy," and "Nurse Edna" and denying the motion insofar as the proposed Third Amended Complaint raises claims of negligence and seeks to add Sheriff Vasquez and Mr. Celis as Defendants. The Report and Recommendation also recommends denying the remaining motions to amend, the request to

1  make the case a "test" case, Plaintiff's motion to dismiss, and denying without prejudice
2  Plaintiff's motion for summary judgment.

3  Plaintiff filed timely objections (Doc. #60).  Although most of the document appears
4  to attempt to merely supplement or explain allegations in the Third Amended Complaint, the
5  Court will construe the references to Sheriff Vasquez and Mr. Celis as objections to the
6  Report and Recommendation.  Because Plaintiff filed timely objections, the Court reviews
7  *de novo* the objected-to portions of the Report and Recommendation.  28 U.S.C. § 636(b)(1);
8  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); Fed. R.
9  Civ. P. 72(b) ("[t]he district judge . . . shall make a de novo determination . . . of any portion
10 of the magistrate judge's disposition to which specific written objection has been made").

11 Plaintiff asserts that "Count II should be Sheriff Chris Vasquez" (Doc. #60 at 1).  But
12 Count II of the Third Amended Complaint does not refer to Vasquez or any action or
13 omission by Vasquez (Doc. #33 at 4).  To state a valid claim under § 1983, a plaintiff must
14 allege that he suffered a specific injury as a result of specific conduct of a defendant and
15 show an affirmative link between the injury and the conduct of that defendant.  Rizzo v.
16 Goode, 423 U.S. 362, 371-72, 377 (1976).  In addition, there is no *respondeat superior*
17 liability under § 1983, and, therefore, a defendant's position as the supervisor of persons who
18 allegedly violated Plaintiff's constitutional rights does not impose liability.  Monell v. New
19 York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Taylor v. List, 880
20 F.2d 1040, 1045 (9th Cir. 1989).  The Third Amended Complaint fails to state a claim against
21 Vasquez, and the Court will dismiss Vasquez.

22 With regard to Celis the grievance officer, Plaintiff asserts in his objection that Celis
23 did not help resolve the issues, did not give Plaintiff his portion of copies of grievances or
24 return some grievance documents, did not stop the deliberate indifference by telling nurses
25 to change bandages, and did not take it upon himself to tell the nurses that Plaintiff had not
26 received his medication (Doc. #60 at 2).  The Report and Recommendation correctly notes
27 that "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure," Mann

28

1  v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and it does not appear that Celis was himself
2  involved in providing medical care.  Without a federal constitutional right, there is no
3  cognizable claim under § 1983, and the allegations do not adequately link Celis's conduct
4  to the harm.  See Rizzo, 423 U.S. at 371-72, 377.  Moreover, although the right of
5  meaningful access to the courts extends to established prison grievance procedures, Bradley
6  v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), in his Third Amended Complaint, Plaintiff did
7  not allege facts regarding refusal to return grievance documents, and Plaintiff did not claim
8  any actual harm as a result of Celis's alleged conduct. The right of access to the courts
9  requires an allegation that Plaintiff suffered "actual injury" as a result of the denial of the
10 grievance.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).  To show actual injury, the
11 plaintiff must demonstrate that the conduct of the defendant prevented him from bringing to
12 court a nonfrivolous claim in a direct or collateral attack on his sentence or a challenge to the
13 conditions of his confinement. Id. at 352-53, 355.  The Third Amended Complaint fails to
14 state a claim against Celis, and the Court will dismiss him.

15    The Court has reviewed Judge Aspey's Report and Recommendation and hereby
16 incorporates and adopts it with a minor modification.  The Report recommends that the Pinal
17 County Sheriff's Office be directed to provide the last names of the nurse Defendants and
18 that service be ordered thereafter.  The Court notes that the Pinal County Sheriff's Office is
19 not a party to this action and Plaintiff may be able to provide sufficient identifying
20 information to serve the nurse Defendants.[1]  Furthermore, Plaintiff has complete names for
21 Defendants Dr. Lizarraga and Elke Johnson.  Therefore, the Court will order service now.
22 **IT IS ORDERED:**

23     (1) The Report and Recommendation of Magistrate Judge Aspey (Doc. #56) is
24 **adopted** as modified by this Order.

---

[1] If service cannot be made at this time and Plaintiff cannot obtain the addresses through discovery, the Court can order the County Attorney to obtain and provide names under seal.

- 3 -

(2) The reference to the Magistrate Judge is withdrawn as to Plaintiff's motion to amend the Complaint (Doc. #32) and the motion is **granted** insofar as the proposed Third Amended Complaint (Doc. #33) asserts an Eighth Amendment deliberate-indifference claim against Dr. Lizarraga, Elke Johnson, "Nurse Bob," "Nurse Lisa," "Nurse Nancy," and "Nurse Edna" and **denied** insofar as the proposed Third Amended Complaint raises claims of negligence and seeks to add Sheriff Vasquez and Mr. Celis as Defendants.

(3) The Clerk of Court must file the proposed Third Amended Complaint, now lodged as Document #33.

(4) Defendants Vasquez and Celis, Count VII, and the claims for negligence are dismissed.

(5) Defendants Lizarraga, Elke Johnson, "Nurse Bob," "Nurse Lisa," "Nurse Nancy," and "Nurse Edna" must answer the remaining allegations in Counts I through VI and Count VIII.

(6) Plaintiff's motions to amend the complaint (Doc. ##40, 41, 42, 43, 44, and 45 and ##47, 48, 49, 50, 51, 52) are **denied**.

(7) Plaintiff's motion to dismiss (Doc. #31) is **denied as moot**.

(8) Plaintiff's motion for summary judgment (Doc. #37) is **denied without prejudice**.

(9) The Clerk of Court must send counsel of record for Defendant Lizarraga a copy of the Third Amended Complaint and this Order.

(10) The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Elke Johnson, "Nurse Bob," "Nurse Lisa," "Nurse Nancy," and "Nurse Edna."

(11) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(12) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 120 days of

- 4 -

the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(13) The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(14)  The United States Marshal must notify Defendants Johnson, "Nurse Bob," "Nurse Lisa," "Nurse Nancy," and "Nurse Edna of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

 (a) personally serve copies of the Summons, Third Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

 (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(15) **A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal,**

1  **not the Plaintiff.**

2  (16) Defendants must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

3  (17) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

4  (18) This case remains referred to Magistrate Judge Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 25th day of February, 2008.

_____
Roslyn O. Silver
United States District Judge