# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FORREST JUAN CRADDOCK, | ) |
| Plaintiff, | ) |
| v. | ) CIV 07-00406 PHX ROS (MEA) |
| SHERIFF CHRIS VASQUEZ, et al., | ) REPORT AND RECOMMENDATION |
| Defendants. | ) |

**TO THE HONORABLE ROSLYN O. SILVER:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 636(b)(1)(B) and (C).

Before the Court are Plaintiff's motions at Docket No. 60, filed February 4, 2008, Docket No. 81, filed May 22, 2008, and Docket No. 88, filed June 13, 2008, each seeking to again amend his complaint.

**I Procedural background**

Plaintiff, who is now incarcerated by the Arizona Department of Corrections, filed a civil rights complaint on

February 22, 2007, alleging Defendants violated his federal constitutional rights while Plaintiff was incarcerated at the Pinal County Jail. Plaintiff filed an amended complaint on April 13, 2007. See Docket No. 5. Plaintiff filed a second amended complaint on July 13, 2007. See Docket No. 15.

The second amended complaint alleged that, on February 21 through February 27, 2007, Dr. Lizarraga and other medical staff at the Pinal County Jail failed to follow the medical orders of a Dr. Trudeau regarding the post-surgical treatment of Plaintiff's hand, and that the named Defendants did not provide Plaintiff with medication for his pain as prescribed. See Docket No. 15. Plaintiff further alleged the Pinal Count Jail medical staff were negligent regarding his medical care beginning on November 24, 2006, through March of 2007.

On August 13, 2007, the Court ordered Defendant Lizarraga to answer Plaintiff's claim that he violated Plaintiff's Eighth Amendment rights by failing to provide him with adequate medical care during Plaintiff's incarceration at the Pinal County Jail. See Docket No. 16. Specifically, the Court ordered Defendant Lizarraga to answer the claim he was deliberately indifferent to Plaintiff's serious medical needs by delaying a second surgery on Plaintiff's hand. See Docket No. 16. At that time the Court dismissed the other defendants named in the second amended complaint and dismissed Plaintiff's claims of negligence by state officials and a

claim of supervisory liability.[1]

The screening order states:

> Plaintiff repeatedly alleges that Defendants were negligent with respect to caring for his injured right hand following a surgery performed by Dr. Trudeau at the Maricopa County Medical Center. Specifically, he alleges the Defendants were negligent in treating his injured hand, scheduling the initial surgery for the hand, changing dressings on his hand and in providing prescribed pain medications. Plaintiff alleges as a result that he developed an infection of the injured hand and was rushed to Maricopa County Medical Center on March 17, 2007. (Id. at 6-I.) He indicates that a second surgery on his hand is required to restore function to his injured fingers, but that Dr. Lizarraga has deliberately delayed that surgery so that Pinal County will not have to bear the expense. (Id. at 6-I, 6-J.) *Despite Plaintiff's numerous other allegations, he expressly states that the only claim that he wishes to pursue is Dr. Lizarraga's deliberate delay in providing the second surgery for his hand.* (Id. at 6-J-6-K.)

Docket No. 16 at 2 (emphasis added).

Defendant Lizarraga was served and filed an answer to the second amended complaint on October 9, 2007. See Docket No. 18. A scheduling order was issued October 11, 2007, requiring Plaintiff to file any motion to amend his complaint by November 30, 2007. See Docket No. 20.

On November 15, 2007, Plaintiff filed a motion to dismiss his second amended complaint, asking the Court's permission to do this so that he could file an amended

---

[1] The order states: "Count I (in part) and Defendants Vasquez, Brown, Celis, Jackson and Pinal County nurses Nancy, Edna, Lisa and Bob are dismissed without prejudice."

-3-

complaint again naming Defendant Lizarraga and naming other defendants previously dismissed from this matter. See Docket No. 31. That same day Plaintiff also filed a motion to amend his complaint. See Docket No. 32. Plaintiff also filed a motion for summary judgment against all defendants named in his lodged proposed third amended complaint. See Docket No. 37. Plaintiff also filed, from November 28 through December 4, 2007, *inter alia*, twelve separate motions to amend his complaint. See Docket Nos. 40-52.

The scheduling order in this matter issued October 11, 2007, required all motions to amend the complaint be filed by November 30, 2007. See Docket No. 20. In a Report and Recommendation issued January 17, 2008, the undersigned noted the only motion to amend Plaintiff's complaint which was then timely filed was the one filed November 15, 2007, at Docket No. 32. See Docket No. 56. The undersigned recommended the motion at Docket No. 32 be granted in part and denied in part. The undersigned recommended the motion be denied insofar as it sought to add Sheriff Vasquez and Mr. Celis as defendants and that the motion be denied insofar as it attempted to add claims premised on negligence. The undersigned further recommended that the motion be granted to the extent that Plaintiff sought to assert an Eighth Amendment deliberate indifference claim regarding his medical treatment by Dr. Lizarraga, Elke Johnson, "Nurse Bob," "Nurse Lisa," "Nurse Nancy," and "Nurse Edna." The undersigned recommended that the Court order the Pinal County Sheriff's Office to provide the last names of the nurses who worked at the jail on

February 21 through February 27, 2007, to the extent any of these nurses could be shown to be "Nurse Bob," "Nurse Lisa," "Nurse Nancy," and "Nurse Edna."

Subsequent to the issuance of the Report and Recommendation, Plaintiff filed a motion to amend his complaint at Docket No. 60, on February 4, 2008. On February 26, 2008, the Court adopted the Report and Recommendation with modifications. The Court granted Plaintiff's motion at Docket No. 32 to amend his complaint, i.e., to file a Third Amended Complaint, to allow him to assert an Eighth Amendment deliberate indifference claim against Defendant Lizarraga, Elke Johnson, and Nurses Bob, Lisa, Nancy, and Edna. See Docket No. 66. The Third Amended Complaint was filed at Docket No. 67. Defendant Lizarraga filed an answer to the third amended complaint on March 11, 2008, and Defendant Jackson was served with the complaint on or about March 10, 2008. See Docket No. 76. On April 30, 2008, the undersigned issued a scheduling order with regard to the claims stated in the Third Amended Complaint, requiring discovery in this matter to be completed by August 28, 2008. The undersigned notes that Defendant Jackson has filed a motion to dismiss the claims against her, which is still pending before the Court.

After Defendant Jackson filed her motion to dismiss, Plaintiff filed another motion to amend his complaint on May 22, 2008. See Docket No. 81. Plaintiff also filed a pending motion for leave to file a lodged proposed amended complaint, on June 13, 2008. See Docket No. 88. Defendant Lizarraga has taken "no position" with regard to the motions for leave to

file an amended complaint at Docket No. 81 and Docket No. 88. See Docket No. 82 & Docket No. 86.

**II Analysis**

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires. See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). "Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. This policy is applied even more liberally to *pro se* litigants." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations and quotations omitted).

When screening pro se prisoner complaints the Court is obliged to liberally construe the complaint:

> The handwritten pro se document is to be liberally construed.... [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972)). Leave to amend a complaint should be granted if it appears at all possible that the plaintiff can correct a defect in his complaint. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

However, in exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment. See Schlachter-Jones v. General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991). "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 443 (internal quotations omitted). The Court would eventually have to dismiss a claim added to a complaint if the plaintiff raised a claim that was legally frivolous or malicious, that failed to state a claim upon which relief may be granted, or that sought monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(c)(1) (2003 & Supp. 2007).

The motion to amend the Third Amended Complaint at Docket No. 60 is not timely filed nor is it in the appropriate form nor is it accompanied by a lodged proposed amended complaint in the appropriate form. Additionally, the pleading at Docket No. 60 contains numerous places where information is lined-through and the pleading rather incoherently reiterates allegations stated in the Third Amended Complaint. Accordingly, this motion should be denied.

The motion to amend at Docket No. 81 is captioned as "Plaintiff for motion" and seeks to amend Plaintiff's second

amended complaint, which has now been superceded, and also seeks to counter Defendant Jackson's claim that Plaintiff failed to exhaust his administrative remedies. Accordingly, because the motion is not a proposed amended complaint and the facts stated are in regard to the motion to dismiss and not the claims stated in the Third Amended Complaint, the motion should be denied.

Plaintiff's motion for leave to file an amended complaint at Docket No. 88 is captioned as a "Request to Motion" and seeks leave to amend the complaint lodged at Docket No. 33. Plaintiff's motion at Docket No. 88 seeks to change his claims based on negligence to claims based on the defendants' deliberate indifference to his medical needs. However, as noted supra, the deadline for amending his complaint has long-since passed and the motion is actually one seeking reconsideration of the Court's dismissal of some of his claims at Docket No. 56.

The motion at Docket No. 88 is not accompanied by a lodged complaint and only states that the Court misinterpreted his claims as based on negligence rather than alleging deliberate indifference. Plaintiff does not seek to add new factual allegations or a new basis for a claim for relief but seeks to re-cast his claims to meet the necessary legal standard, more than one year after filing his original complaint. Cf. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding the denial of leave to amend because the plaintiff had delayed filing the amended complaint for eight months beyond the time they should have known of the

existence of the claims and noting that "[p]rejudice to the opposing party is the most important factor" in determining whether to grant leave to amend); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (upholding denial of leave to amend where the District Court cited the plaintiff's undue delay in missing the deadline to amend the complaint and undue prejudice to the defendant where the plaintiff sought amendment after the close of discovery); Smith v. Angelone, 111 F.3d 1126, 1134 (4th Cir. 1997) (stating that "a motion to amend may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant").

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motions at Docket No. 60, Docket No. 81 and Docket No. 88 all be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-

<u>Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 15th day of July, 2008.

_____
Mark E. Aspey
United States Magistrate Judge